JUDGMENT REVERSED.

---

SPEAKE vs. SHEPPARD.

APPEAL from *Charles* county court. This was an action on the case, brought by the appellee against the appellant, for the alleged violation of a contract. The declaration contained three counts: The *first* upon a special agreement, "that in consideration that the plaintiff would permit the defendant to haul wood through her farm to her landing on the *Potomac* river, in *Charles* county, the defendant agreed and undertook to make and fix up a gate upon the said farm, and to haul to the said farm the ma-

*If there is a special agreement between the parties, open and unrescinded, it is indispensibly necessary that the plaintiff should declare upon it; and he must state his case as it is. Where the contract proved in evidence varies from the contract declared upon, the plaintiff cannot recover on it; nor can he recover on a quantum meruit, because there was a special agreement.*

*But if he declares upon a special contract, and fails to prove an agreement and a performance of it, it raises a duty for which a general indebitatus assumpsit will lie.*

*On a writ of error the appellate court examines the entire record, and reverses the judgment if there be error in any point, though the judgment of the court below is right on the particular point by them decided.*

nure from the stables of the defendant; for the use of the plaintiff." The *second* count—"that the defendant was indebted to the plaintiff in $500, for the use and occupation of the landing of the plaintiff on the *Potomac* river, and by her to him let for a wood landing at his request, and by him used as a wood landing for a long time, to wit, for the space of one whole year; and being so indebted," &c. And the *third* count—"that in consideration that the plaintiff would permit the defendant to haul wood through the plantation of the plaintiff to the landing of the plaintiff on *Potomac* river, and would permit him to cord up his said wood thereupon for sale or exportation, the defendant undertook and promised the plaintiff to pay her therefor so much as she reasonably deserved to have for the same; and that the defendant did haul and cord upon the said landing, in consequence of the said permission, a large quantity of wood, to wit, the quantity of 2000 cords. And the plaintiff avers, that she reasonably deserved to have of the defendant therefor another sum of $500, of which he had notice." *Breach,* "That the defendant did not fix up a gate upon the farm of the plaintiff, nor haul the manure from his stables, as he had undertaken to do; and although often requested, hath not paid the said several sums of money," &c. The general issue was pleaded; and at the trial the plaintiff offered in evidence, that the plaintiff and defendant agreed, that the defendant should have the liberty of hauling cord-wood through her field, that was enclosed, for one year, and deposit it on her landing; that the defendant was to put up or erect two gates, one at the place where he entered with the wood, and the other where he went out, and that he was also to let her have all the manure he raised at his stables; that he commenced hauling, and did haul 675 cords of wood, without having put up the gates, or made any preparation so to do; that he commenced hauling in August, and continued to haul until November following, when the plaintiff stopped him. The plaintiff also gave in evidence, that the usual compensation for depositing wood at that landing was 12½ cents per cord. The defendant then, on the above facts, prayed the direction of the court to the jury, that if they should be of opinion, from the evidence in the cause, that the plaintiff, before the expiration of the year, prevented the defendant from hauling and depositing the wood, that she

could not recover; which opinion the court, [*Johnson*, Ch. J. and *Key*, A. J.] refused to give; but were of opinion, and directed the jury, that if they should believe from the evidence that the gates were not put up within the time before stated, that it was an unreasonable delay on the part of the defendant to fulfil his part of the contract, and that the breach of the same first took place on his part, and that it was competent for the jury to ascertain the damages for the breach, by taking into their consideration the worth of the accommodation to the defendant, and the injury sustained by the plaintiff, in having her field laid open during the period mentioned. The defendant excepted, and appealed.

The cause was argued before BUCHANAN, MARTIN, and STEPHEN, J.

*Stone*, for the appellant, contended, 1. That the contract was not properly set out in the declaration, neither was the breach properly assigned.

2. That the contract declared on was other and variant from the contract proved.

3. That the court instructed the jury to take an improper criterion in estimating the damages.

4. That the court permitted the plaintiff to give evidence under the general counts, when she had failed under the count on the special agreement. He referred to *Coursey vs. Covington*, 5 *Harr. & Johns.* 45; and *Penny vs. Porter*, 2 *East*, 2.

No counsel argued for the appellee.

The opinion of the court was delivered by

STEPHEN, J. This is an action of trespass on the case, instituted in *Charles* county court, for the alleged violation of a contract entered into between the plaintiff and defendant. The declaration contains three counts, the first upon the special agreement; the second upon a general *indebitatus assumpsit*; the third upon a *quantum meruit*. The contract laid in the special count states, that in consideration that the plaintiff would permit the defendant to haul wood through her farm to her landing on the *Potomac* river in *Charles* county, the defendant agreed and undertook to make and fix up a gate upon the farm of the plaintiff, and to haul to the said farm the manure from the sta-

bles of the defendant for the use of the plaintiff. The second count charges, that the defendant was indebted to the plaintiff in the sum of five hundred dollars, for the use and occupation of her landing on the *Potomac* river, as a wood landing. The third count alleges, that in consideration that the plaintiff would permit the defendant to haul wood through her plantation to her landing, and would permit him to cord up his wood thereupon, the defendant undertook to pay her so much money as she reasonably deserved to have for such licence or permission. The contract proved in evidence varies from the contract stated in the pleadings in several essential particulars. In the first place the declaration alleges, that the defendant was to erect but one gate, the proof is, that he was to erect two; one where he entered the enclosure, and another where he went out; the declaration also avers, that the defendant was to haul the manure from his stables to the plaintiff's farm; the proof is, that he was to let her have all the manure he raised at his stables. In the declaration the contract is indefinite as to the privilege in point of time, by the proof it is limited to one year. There is no principle of law more clear, or better settled, than that wherever there is a special agreement between the parties, which remains open and unrescinded, it is indispensably necessary that the plaintiff should declare upon such special agreement, in order that the defendant may be apprised of the nature of the plaintiff's claim, and may be prepared to make his defence accordingly; and it is equally clear, that when he does so declare, he must state his case as it is, so as to conform to the spirit of the rule, and give the opposite party that notice for which the rule was established. In the present case this wise and beneficial principle of the law has not been complied with, by reason of the variances above mentioned between the pleadings and the proof; and it follows, as a necessary legal consequence, that the plaintiff was not entitled to recover upon the first count in her declaration, nor has she a better right or title to recover upon the second or third. It is unquestionably true, that when a party declares upon a special agreement, and proves a contract variant from the one on which he does declare, he cannot recover on the special contract, on account of the variance, nor can he recover on a *quantum meruit*, because there was

a special contract; but if he declares upon a special contract, and fails to prove it, but proves an agreement, and the work done according to the terms of it, it raises a duty for which a general *indebitatus assumpsit* will lie. *Bull. N. P.* 139, 140. *Payne vs. Bacomb,* 2 *Dougl.* 651. In this case the plaintiff cannot recover upon the second count of a general *indebitatus assumpsit,* because, by the terms of the special agreement, the defendant, for the considerations therein mentioned, was not only to have the privilege of hauling his wood through her field for the space of one year, but was also to have the right of depositing it on her landing, for the use and occupation of which, that count seeks to recover a compensation in damages.

It is not to be doubted that the erection of the gates was in the contemplation of the parties to precede the use of the privilege granted by the plaintiff to the defendant. This is to be inferred from the subject matter about which they stipulated in that respect; the place through which the right of transit was contracted for was *an enclosure,* a gate was to be erected at the place of entrance, and at the place of departure. Circumstances strongly indicative of the purpose or object of inserting such a stipulation in the contract, and whether covenants or conditions are to be construed mutual and independent, or dependent, is always to be collected from the evident sense and meaning of the parties, and however transposed they may be, their precedency must depend on the order of time in which the intent of the transaction requires their performance. *Jones vs. Barkley,* 2 *Dougl.* 690. *Pow. on Contr.* 376, 377. The plaintiff then had a right, when this precedent condition was not fulfilled, to arrest the further exercise of this stipulated privilege, and to compel the defendant to pay for the use of it during the time he had the benefit of it, on the ground that he could not take advantage of his own wrong in not complying with the terms of the contract on his part. In this respect the court below did not err, but they erred in not instructing the jury, that on account of the variance between the contract, as stated in the declaration, and that proved in evidence, the plaintiff was not entitled to recover. That the plaintiff considered the contract as still remaining open and unrescinded, manifestly appears from the circumstance of her declaring upon it, and making it the foundation of her action. Upon a writ of

error this court are not only authorised, but bound, to examine the whole record, and if there be error, it is their duty to reverse the judgment below, although the court were right in the opinion they gave on the particular point upon which their opinion was prayed. *7 Bac. Abr.* 448. The court are therefore of opinion that the judgment below must be reversed.

                                         JUDGMENT REVERSED.