ZADOCK SASSCER *vs.* WILLIAM WALKER'S EX'RS.— *June,* 1833.

The executors of W obtained a judgment against K, from which he appealed, and gave a bond with S as his surety.  This judgment being affirmed, a suit was afterwards brought upon the appeal bond, against K and S.  The writ in the latter  case was in the *detinet* only, and the plaintiffs therein were styled "executors of  the testament and last will of W, deceased." In the declaration which recited the writ, the plaintiffs without being named, were styled throughout, "the said plaintiffs."  In the replication assigning breaches, the plaintiffs styled themselves executors, &c.   To the replication there was a rejoinder, and to that, a general demurrer by the plaintiffs.  HELD, that the words, "the said plaintiffs," in the declaration must be understood, as having reference to the plaintiffs as described in the writ, and that the contract sued on, being one on which the plaintiffs could maintain an  action in their representative characters, there was no error in the pleadings.

Where a plaintiff sues upon a contract on which he can only maintain an action in his individual right, if he is described with the addition of executor in the writ, &c., this may be treated as a superfluous description, and not irregular, the demand being the same.

Where the writ is in the *detinet* only, the plaintiff suing on a contract in his own right, this, since the *Stat.* of *4 and 5 Ann, ch.* 16, cannot be taken advantage of upon general demurrer.

Wherever the money recovered would be assets in the hands of an executor, plaintiff, he may sue in  his representative character, though, from the form of the contract he might also sue in his own right.

The money recovered upon an appeal bond given to the obligees as executors, on an appeal from a judgment obtained by them in that character, will be assets in their hands.

The mere taking property under a *fieri facias*, is not of itself equivalent to payment, and does not amount to satisfaction of the judgment. And a plaintiff may countermand a *venditioni exponas*, and at the instance and for the accommodation of the defendant, restore the property levied upon under a *fieri facias*, without being actually paid, and without impairing his claim.

The plaintiff in a judgment at law, may proceed at one and the same time, with a *fi. fa.* upon his judgment, and by suit upon an appeal bond, to enforce payment of the same claim.

In an action upon a bond with a collateral condition, where judgment is rendered upon demurrer, after assignment of breaches, for the plaintiff, a jury of inquiry ought to be sworn to assess the damages, and it is error in the County Court to enter a final judgment without such assessment.

But since the act of 1825, *ch.* 117, *sec.* 1, it not appearing by the record, that any point or question relating to, or involved in the final judgment, was presented to, and decided by the County Court, that error cannot be noticed by this court.

A motion in arrest of judgment presents the question whether any judgment should be rendered.

APPEAL from *Prince George's* County Court.

This was an action of *Debt,* instituted by the appellees, against the appellant and *James Kemp,* on the 12th of June, 1827, in an appeal bond, dated June the 13th, 1823, in the penalty of $850, in which *Kemp* was the principal, and the appellant his surety.

The judgment of the County Court on the demurrer being for the plaintiffs, the defendant, *Sasscer,* brought the record by appeal to this court.

His honor, the chief judge, who delivered the opinion of the Court of Appeals, stated the pleadings as follows :

The appellees, as executors of *William Walker,* having recovered a judgment in *Prince George's* County Court against *James Kemp,* there was an appeal to this court by *Kemp,* with *Zadock Sasscer* as his surety in the appeal bond. That judgment was affirmed by this court, and a *fieri facias* was sued out, which was returned by the sheriff, "levied as per schedule, and not sold for want of

bidders." Whereupon a *venditioni exponas* was issued; which was returned by the sheriff, "not sold by order of the plaintiffs." A suit was afterwards instituted by the appellees upon the appeal bond, against *Kemp*, and *Sasscer* his surety, which is brought up upon appeal by *Sasscer* alone. In the writ, which is in the *detinet* only, the appellees are styled, "executors of the testament and last will of *William Walker* deceased." In the declaration which recites the writ, the appellees without being named, are styled throughout, "the said plaintiffs," and in their replication (to the plea of general performance,) assigning breaches, they style themselves "executors, &c." In the rejoinder, the *fieri facias* that was sued out, upon the former judgment against *Kemp*, with the *venditioni exponas*, and the sheriff's return upon each, are pleaded in bar to the action. To this rejoinder there is a general demurrer, and judgment on the demurrer for the appellees.

The cause was submitted on notes to BUCHANAN, Ch. J., MARTIN, ARCHER, and DORSEY, J.

*Mundell,* and *Stonestreet,* for the appellant.

1. The appellees, the plaintiffs below, having entered a general demurrer to the defendant's rejoinder, the judgment of the County Court should have been for the defendants, the first error in the pleading, having been committed by the plaintiffs. The suit was instituted by the plaintiffs, as executors of *William Walker;* yet the declaration states the bond declared on, to have been executed to the plaintiffs, in their individual capacity. To this, the defendants pleaded performance, and the plaintiffs reply in their capacity of executors; alleging, as a breach, that the judgment mentioned in the condition of the bond, and which had been obtained by the plaintiffs as executors of *William Walker,* had been affirmed by the Court of Appeals, &c. To this the defendants rejoined, as set forth in the record, and to their rejoinder, there was a general demurrer by the plaintiffs.

The appellants contend, even if it should be con-ceded, that the rejoinder was not sufficient in law to sus-tain the issue on their part, still, the judgment should not have been against them, when the plaintiffs had pre-viously committed so many errors, and departures in plead-ing. The suit had been brought by the plaintiffs in their capacity of executors, and yet, they declare on a bond exe-cuted to them in their individual capacity. For although they are described in the bond, as executors of *Walker*, still it was in fact, given to them in their individual capa-city, and their being mentioned as executors, could only be considered as *descriptio personæ*, and they have declared on it in their own right. To the plea of performance, they came back again in the replication to their starting position, and reply as executors.

2. But the rejoinder of the defendants was sufficient in law.

The allegation contained therein, that the sheriff had re-turned the *venditioni exponas*, "not sold by order of plain-tiffs," was sufficient for that purpose. When property is taken by the sheriff to satisfy a debt, it is his bounden duty to proceed to sell, and he is answerable for the property until it is sold. He has a qualified interest in it, until he can sell; and the very moment the plaintiff directs the sher-iff to return the property, or stops him in the legal discharge of his duty, without the positive assent of the defendant, by interfering and directing property levied on, not to be sold, the law will raise a presumption, that the debt has been satisfied. For such an order operates to release the sheriff from all liability for the property taken; and of course, if the defendant had given no assent thereto, it must release him from all further liability for the debt.

*A. C. Magruder*, for the appellee.

The first error in the declaration, it is alleged, consists in this; that the suit was instituted by the plaintiffs, "as exe-cutors of *William Walker*." With respect to this objec-tion, it might well be questioned, whether the plaintiffs below

had not a right to sue as *executors.* The bond was given to them as executors, and could only be given to them in that character. It was to remove a judgment obtained by them as executors, and the amount of which, whenever recovered, whether upon the appeal bond, or on the original judgment, constitutes a part of the assets of the estate of their intestate. The most that can be said of it, is, that it is a superfluous description, and not an error which the law will notice. 1 *Chitty Plead.* 252.

2. The condition of the bond sued on has not been performed, as is admitted by the rejoinder; why then have the plaintiffs no remedy upon it? Unquestionably, the law gave them a right to put it in suit, *eo instanti,* the judgment was affirmed. They might also issue an execution on the judgment, which they have done, and the question is, does the exercise of this latter right deprive them of their remedy on the bond? The plaintiffs certainly could not recover the money twice, and a sale of the property would have been a payment *pro tanto* of the claim. The return of the sheriff however, is not evidence of payment of any part of it, and is not pleaded as a payment. Even if the sheriff had actually made the money, after the institution of the suit upon the bond, it might have been relied on to show, that we were only entitled to nominal damages, not that the defendants were entitled to a judgment for costs.

A party may at the same time sue on an injunction and appeal bond, relative to the same claim. The plaintiff does not claim the same thing in his action, and under his execution. In the former, he claims damages for the breach of the condition of the bond. The notion is, that the party has an election, either to issue an execution, or sue upon the appeal bond, and must elect between the two remedies; and that the election of the one, is the abandonment of the other. It will not do to say, that the remedy by action on the bond is not gone, but is only suspended. "A thing or action personal once suspended, is for ever suspended. *Jacob's Law. Dic.* title suspensions. *Croke Chas.* 373.

A mortgagee may at the same time, proceed in ejectment to recover the land, and upon the bond to recover the mortgage debt. So in this case, the plaintiffs had a right to their execution for the debt and costs, and to his action on the appeal bond to recover *damages,* for not prosecuting the appeal with effect. *Southcote vs. Braithwaite,* 1 *Term. Rep.* 624. *Perkins vs. Pettit and Yale,* 2 *Bos. and Pul.* 440.

BUCHANAN, Ch. J., delivered the opinion of the court.

The record submitted to us, presents this case, *vide statement, ante p.* 103. Which, then, committed the first fault in pleading, is an inquiry, thrown upon us by the demurrer.

The appellees being styled in the writ, " executors of *William Walker,*" and merely called in the declaration, (after reciting the writ,) " the said plaintiffs," the words " the said plaintiffs," in the declaration, must be understood, as having reference to the plaintiffs as described in the writ, and to mean the plaintiffs, executors of *William Walker;* and being called in the replication throughout " executors of *William Walker,*" and in the demurrer " the said plaintiffs," as in the declaration, which must be understood in the same manner as the declaration, there is perfect correspondence, between the writ, declaration, replication, and demurrer ; and if the appeal bond on which the suit was brought, and which was given to them as executors, on the appeal from the judgment obtained by them in that character against *Kemp,* was a contract on which they could sustain an action only in their individual, and not in their representative capacity, then the addition of the word " executors," in the writ, &c. might be construed and treated as a superfluous description, and not irregular, the demand being the same. 1 *Chitty Pl.* 253. *Lloyd vs. Williams,* 2 *Wm. Black,* 722. *Rogers vs. Jenkins,* 1 *Bos. and Pul.* 383. 384. *King and others vs. Thorn.* 1 *Term. Rep.* 266 (488.) 1 *Vern.* 119. 6. *Com. Dig.* 307, *Title Pleader.* And though where a plaintiff sues on a

contract in his own right, if the writ be in the *detinet* only, it is irregular, yet since the statute 4 & 5 *Anne* 16, it cannot be taken advantage of on a general demurrer. 6 *Com. Dig.* 306. *Title Pleader.* The appellees, however, were not bound to sue in their individual character, but had a right to sue in either their individual or representative capacity. Wherever the money when recovered, would be assets in the hands of the executor, he may sue in his representative capacity. 5 *Co. Rep.* 31. *King and others vs. Thorn.* 1 *Term. Rep.* 265, (487.)

In *Hosier vs. Lord Arundel,* 3 *Bos. and Pul.* 7, decided in the year 1802, a different notion seems to have been entertained; but afterwards in the year 1805, in *Cowell and wife vs. Watts,* 6 *East.* 405, the court of *Kings Bench* returned to the old rule, " that where money when recovered would be assets, the executor may declare for it in his representative character," accompanied by an expression of regret, that it had ever been departed from. And the same rule is recognized, and treated as settled law, in 1 *Saunders Pl. and Ev.* 610, &c.

The bond upon which this suit was brought, being given to the appellees as the executors of *William Walker's* will, on an appeal from a judgment obtained by them in that character against *Kemp,* the money when recovered, will be assets their hands. They had a right therefore to sue in their representative capacity; and considering this suit as brought in that character, it was properly brought.

We come then to the rejoinder, the matter of which is clearly no sufficient bar to the action. Every word of it may be true, (and which the demurrer admits,) and yet the appellees be entitled to recover. They were under no obligation to entitle them to proceed upon the appeal bond, to have issued a *fieri facias,* or *venditioni exponas;* and when issued, there was nothing to prevent their countermanding either of them, without impairing their right to put the appeal bond in suit.

The mere taking the property under the *fieri facias*, was not itself equivalent to payment, and did not amount to a satisfaction of the judgment. The plaintiff might have countermanded the *venditioni exponas*, and restored the property at the instance, and for the accommodation of the defendant in the judgment, without having received payment of, or satisfaction for any part of it; and no payment, satisfaction or discharge is alleged in the rejoinder, which is no answer to the replication assigning the breaches of the condition of the bond; which was, that *Kemp*, the defendant in the judgment appealed from, should prosecute the appeal with effect, and in case the judgment should be affirmed, pay to the appellees, executors, &c. the debt, damages, &c. The condition of the bond, as the rejoinder admits, was not performed. The appeal was not prosecuted with effect, and the return of the sheriff did not amount to a payment, and satisfaction of the judgment according to the condition of the bond, and is not pleaded as such. If the appellees had taken issue on the rejoinder, the only matter referred to the jury would have been, whether a *fieri facias*, and *venditioni exponas*, were issued and returned as alleged in the rejoinder, which may well have been, yet the judgment remained altogether unsatisfied, either in fact, or in contemplation of law. The demurrer therefore to the rejoinder in this case was properly sustained. In *Southcote vs. Braithwaite*, 1 *Term. Rep.* 624, it was decided that bail in error, could not surrender the principal, but were liable at all events, in case the judgment was affirmed, and not entitled to be relieved, though the principal became bankrupt pending the writ of error. And in *Perkins vs. Pettit and Yale*, 2 *Bos. and Pul.* 440, which was a much stronger case than this, it was held upon general demurrer to be perfectly clear, that if a defendant in error, upon the judgment being affirmed, take into execution the body of the plaintiff in error, for the debt, damages and costs in error, he does not thereby discharge the bail in error, but may sue them upon their recognizance.

But instead of swearing a jury of enquiry, which should have been done, on the demurrer to the rejoinder being ruled good; the court below proceeded to enter up a final judgment for the appellees, (the plaintiffs there,) which is clearly an error, for which the judgment would be reversed, were we not restrained by the act of 1825, *ch.* 117, *sec.* 1, which provides, that " the Court of Appeals shall not reverse any judgment, on any *point, or question, which shall not appear to have been presented to the County Court, and upon which that court may have rendered judgment.* And it does not appear that any *point* or *question* relating to, or involved in the final judgment was presented, and decided by the County Court. It is not like the case of *Charlotte Hall School vs. Greenwell,* 4 *Gill & Johns.* 407, where there was a motion in arrest of judgment, which presented to the court the question, whether any judgment should be rendered.

**JUDGMENT AFFIRMED.**