JOHN SCHLEIGH AND JONATHAN KERSHNER, *vs.* THE HAGERSTOWN BANK.—*December* 1846.

At the return term of the writ, in November, as shown by the docket entries, the defendant gave special bail, appeared, and the cause was continued to the March term, under a rule to plead. The rule-days to plead were the first Mondays of March and November. The declaration was filed on the first Monday of February. Before the March rule-day, the defendant's counsel called at the clerk's office, examined the papers of the cause, and remarked, there was yet time enough to plead limitations. At the March term, the defendant obtained a rule nisi, to strike out the bail and appearance, upon the ground, that they had been erroneously entered, as he had not offered bail, nor appeared to the cause. The county court discharged the rule, and no motion being made, or plea offered, by the defendant, entered up judgment upon the cause of action, a promissory note of the defendants. HELD, that the defendant, under the circumstances, had recognized the entry of bail and appearance, and as he was not precluded from pleading to the merits, the rule was properly discharged.

It was the duty of the defendant to have appeared at the return of the writ, and to enforce the rule, would be to let the amercement against the sheriff stand, and enable the defendant to plead limitations. The refusal of the rule, deprived the defendant of no meritorious defence.

Under the act of 1825, ch. 117, this court cannot reverse the judgment of the county court, except upon a point decided by the court below, and as no motion was made to that court in relation to it, nor its attention called thereto, no question affecting it is open here for review, even if it were erroneous.

Schleigh and Kershner, *vs.* Hagerstown Bank.—1846.

APPEAL from *Washington* county court.

This was an action of *assumpsit*, commenced on the 12th November 1844, by the appellee against the appellants and *David Showman*. The latter was not taken. The other defendants appeared by attorney, at November term 1846.

The plaintiff declared upon the following note :

"$661.68.      WASHINGTON COUNTY, *Oct. 1st*, 1839.

Sixty days after date, we, or either of us, promise to pay to the *President, Directors and Company of the Hagerstown Bank*, or order, for value received, six hundred and sixty-one dollars, sixty-eight cents, negotiable at said bank, and payable at the house of *William M. Marshall, Hagerstown,*

D. SHOWMAN,

JOHN SCHLEIGH,

JONATHAN KERSHNER."

Several credits on account of the note were endorsed upon it, and the defendants were ruled to answer the declaration.

At the same term, March term 1845, the defendant, *Jonathan Kershner*, suggested to the court, that at November term 1844, the defendant made enquiry of *Isaac Nesbitt*, then principal deputy clerk of said county court, about a case of the *Hagerstown Bank* against him, and that said *Nesbitt* replied, that there was no such case; but notwithstanding, from inadvertance or misapprehension of the law, or from some mistake, the principal deputy clerk entered an appearance of an attorney of the said county court for the said *Jonathan Kershner*, in the above cause, together with *John Schleigh*, the other defendant above named, and also entered *Thomas E. Schley*, as special bail for the said defendant, *J. K.*, together with the said *John Schleigh*, the other defendant above named, the said *T. E. S.* not having intended or offered to enter special bail, as aforesaid, for the said *J. K.*; and the said *J. K.* further suggests, that the attorney, *Alexander Neill, Jr.*, whose appearance was entered as aforesaid, was not spoken to by the said *J. K.*, for that purpose, and did not offer or intend to enter his appearance for the said *J. K.*; and it further appearing satisfactorily to the court here, by the affidavit of *George A. Bender*, that the said *J. K.* made enquiry of *I. N.*, the princi-

pal deputy clerk of *W.* county court, during the said November term 1844, about a case of the *H. B.* against him, and the said *N.* replied, that there was no such case; and it further appearing satisfactorily to the court here, by the affidavit of *T. E. S.*, that he did not offer or intend to become special bail, as aforesaid, for the said *J. K.;* and it also further satisfactorily appearing to the court here, by the affidavit of the said *Alexander Neill, Jr., Esq.*, that the said *A. N., Jr.*, did not offer or intend to enter his appearance as attorney for the said *J. K.*

It was thereupon, on motion of the said *J. K.*, defendant, as aforesaid, by his attorney, *R. M. Tidball,* ruled, that the said plaintiffs shew cause by the ——, why the docket entry or entries, by which it appears that an entry or entries, of an attorney and special bail for the said *J. K.*, should not be corrected, so as to make the said docket entry or entries, conform to the truth of the case.

At the same time, the affidavits referred to were filed.

"WASHINGTON COUNTY, *sct.* On this 9th April 1845, before me, &c., personally appears *George A. Bender*, and made oath, that during November term 1844, of *W.* county court, he entered special bail for *J. K.* in two cases, and said *K.* made enquiry of *I. N.*, then a deputy clerk of *Washington* county court, about a case of the *Hagerstown Bank* against him, and that said *Nesbitt* replied, there was no such case. Sworn before," &c.

"W. COUNTY, *sct.* On this 9th April 1845, before, &c., personally appeared *T. E. S.*, and made oath, that during November term 1844, of, &c., he entered special bail for *J. S.*, at the suit of the *Hagerstown Bank*, but did not offer or intend to enter special bail for *J. K.*, never having been requested by said *Kershner* to do so. Sworn before," &c.

"W. COUNTY, *sct.* On this 9th day of April 1845, personally appeared in open court *Alexander Neill, Jr.*, attorney of *Washington* county court, and made oath, that he did not, at November term 1844, nor at any time since, offer to enter his appearance as attorney for *J. K.*, and that he did not, during that time, nor at any time since, authorise his name, as attorney, to be so entered," &c.

"W. County, *to wit.* On this 12th day of April 1845, personally appeared in open court *John D. Ridenour,* a deputy sheriff of said county, and made oath, that he spoke to *J. S.,* or sent word to him, one of the defendants, at the suit of the *H. B.,* to procure special bail, to be entered at November term 1844, of *W.* county court; that he does not recollect that he did, nor does he believe that he spoke to *J. K.,* another of the defendants, on the subject of entering special bail in the said case."

The *Hagerstown Bank* also filed the affidavit of *Isaac Nesbitt,* to wit:

"Be it remembered, that before me, the subscriber, one of the justices, &c., personally appears *Isaac Nesbitt,* and being first duly sworn, deposes and says, that during the sitting of said court, at its last November term, a certain *T. E. S.* appeared in open court, and offered to become special bail for *J. S.,* one of the above named defendants in said suit; but, at the suggestion of this deponent, he, the said *T. E. S.,* consented to become, and did become, the special bail of both said defendants in said case, as this deponent believes, and as the record shows; and that if he had become the special bail of but one of said defendants, as is alleged, it would have been so specifically entered. And this deponent further makes oath, that some time after the close of the November term aforesaid, and before the first Monday of March then next, *Robert M. Tidball, Esq.,* came into the clerk's office, and asked to be shewn the papers in the above case, and after looking at them, and making enquiry as to the rule-day for filing pleas, he handed the papers back to this deponent, or laid them down, remarking, that there was yet time enough, and left the office. That after the lapse of some further time, *Mr. Tidball* came again into the clerk's office, and asked for the same papers, stating at the time his intentions to file a plea of the statute of limitations in this case for *Mr. Kershner,* when this deponent suggested to him, that the rule day for filing pleas had passed, it being then after the said first Monday of March, and showed him the rules of court, of which he made some complaint about their having been changed. That in this case, the nar

was filed on the first Monday of February, and that the rule-day for pleas, was the first Monday of March; and that said *Tidball* was shown the papers in this case, as above stated, before the first Monday of March. And this deponent also remembers, that *G. A. B.*, one of the deponents in this case, appeared in court, at the said November term, and offered to become the special bail of *J. K.*, at the suit of the *H. B.*, bu owing to the fact, that the case was not found on the index against *K.*, and forgetting at the moment the existence of this case, deponent replied, as well as he remembers, that there was no such case on the docket; and further this deponent saith not.''

The rule of court, mentioned and referred to in the affidavit last aforesaid, is as follows:

''In all cases where declarations are sent with the writs, or filed within the first three days of the term to which they are returnable, the rule-days to plead, shall be the first Mondays of February and October, next following the terms to which the writs were returned served; and in all cases where the declarations are not filed, as aforesaid, the rule-days for filing the declarations in said cases, shall also be on the first Mondays of February and October next following; the terms to which the writs were returned served, and the rule-days to plead to declarations filed, as last aforesaid, shall be the first Mondays of March and November following.''

At the same term, the defendants not having pleaded to the declaration, and the county court having considered the suggestion of the defendant, *J. K.*, and the affidavits respectively filed in relation thereto, rendered judgment for the plaintiffs on the note aforesaid.

The defendants appealed to this court.

The cause was argued before ARCHER, C. J., DORSEY, SPENCE and MAGRUDER, J.

By TIDBALL and SCHLEY for the appellants, and
By ROMAN for the appellees.

Schleigh and Kershner, *vs.* Hagerstown Bank.—1846.

ARCHER, C. J., delivered the opinion of this court.

In the court below, application was made by the defendant, *Kershner*, at the trial term, to strike out the entry of special bail and appearance, for him, upon the ground, that the special bail was for *Schleigh* alone, and that the defendant, *Kershner*, had not given bail, in point of fact, or authorised an attorney to appear for him.

The declaration had been filed, and by the rules of *Washington* county court, the rule-day to plead had passed; but it was in the power of the defendant, to have pleaded to the merits of the case.

The motion to rectify the proceedings, is not on behalf of the bail, but on behalf of the defendant, who alleges, that the special bail, and the appearance of an attorney, have been entered for him, without his authority; and he insists, that he possesses the right, to have the entries of bail and appearance stricken out.

The consequences arising from a gratification of the defendant's motion, would be an amercement of the sheriff for his failure to appear; and if he did afterwards appear, to let him in to plead any plea to the action, whether to the merits or not. The injury he has sustained, if the facts be true, is, that he is precluded from pleading any dilatory plea; or any plea which is not to the merits of the action. But nothing had occurred at the time of the motion, which prevented him from pleading, whatever plea he might choose to plead, to the merits of the action.

No doubt, on the application of the proper party, and at the proper time, mistakes may be corrected; but it would be a dangerous exercise of power, to apply the principle to every case which might be presented. It would, no doubt, have been competent for the defendant, *Kershner*, notwithstanding the alleged mistake, subsequently, so far as he was concerned, to have sanctioned the entry of special bail; and we think he has done so in this case. Before the expiration of the rule-day, his attorney examined the papers in the cause, enquired of the clerk as to the rule-day for filing pleas, and receiving the information, remarked, it was yet time enough; and again,

afterwards, asking the clerk for the same papers, declared his intention to file the plea of limitations. In this there is a full recognition, that bail had been properly entered, or there would have existed no right to plead to the action.

To this portion of the evidence we are disposed to give the greater weight in the case before us, because it was the duty of the defendant to have appeared at the return of the writ, and to have entered bail and appearance; because the gratification of his motion would occasion the amercement of the sheriff; would enable him to plead otherwise than to the merits of the case; and because, by the refusal of his motion, he could have been deprived of no meritorious defence.

It is apparent from the evidence, that the defendant had an opportunity to have availed himself of the plea of limitations, notwithstanding these entries. He knew that bail and appearance had been entered for him before the rule-day, as his attorney examined the papers before the rule-day; and if with this knowledge he has failed to avail himself of rights entirely within his power, and of which he has in no manner been deprived by the entries, of which he complains, he cannot expect the aid of this court, to relieve him from the consequences of his own supineness.

At March term 1845, this cause stood regularly for trial, and was under rule-plea, when the rule to shew cause, above referred to, was laid; and on discharging the rule to shew cause, judgment, as for want of a plea, in the then state of the record, would have been properly rendered. That the judgment has not assumed the form of a judgment, *nil dicit*, is no doubt a clerical error. But whatever may be the character of the error in the judgment, as no motion was made to the court, or its attention in any manner called to the subject, we could not reverse the judgment: the act of 1825, chap. 117, prohibiting the reversal of any judgment, except upon a point decided by the court below. *Sasser and Walker's Exs.*, 5 G. & J., 102. *Boarman vs. Israel and Patterson's Ex.*, 1 *Gill*, 381. We therefore affirm the judgment of the court below.

JUDGMENT AFFIRMED.