# George C. Morgan *vs.* Richard T. Briscoe and James Clark.

An appeal was taken from a judgment rendered by *confession* upon a single bill which did not appear to have been *stamped*, and for this reason, and the *want of a declaration*, a reversal was asked. Held :

That under the act of 1825, ch. 117, the judgment must be affirmed, there being no motion in arrest, and the record presenting no point or question upon which the court below decided.

The act of 1825, ch. 117, does not apply to motions in arrest of judgment, yet the motion must be made before this court can look behind the judgment.

Appeal from the Circuit Court for St. Mary's county.

This appeal was taken from a judgment of said circuit court, rendered by confession, on the 5th of August 1851, in

favor of the appellees against the appellant, for $500 dam ages, to be released upon payment of $245.53, interest and costs. The cause of action filed was the bond of the appel- lant to the appellees, for $245.53, payable on demand, and dated 2nd of July 1851, which does not appear from the record to have been written on stamped paper. There was no declaration or any other pleading in the cause.

The cause was argued before Le Grand, C. J., Mason and Tuck, J.

*A. Randall* and *J. M. S. Causin* for the appellant, argued for a reversal:—1st. Because the cause of action being with- out a stamp is utterly void. *Act of* 1844, *ch.* 280, *sec.* 8. 49 *Law Lib.*, 57, 87. The stamp law would be entirely annulled if such evasions of it as this be permitted. 2nd. Because there is no declaration in the case. 3 *H. & McH.*, 389, *Hardy vs. Moore. Do.*, 408, *Bowie vs. The State.* 4 *H. & McH.*, 351, *Dorsey vs. Stevenson.* 2 *H. & G.*, 280, *Laidler vs. The State.* 3 *H. & J.*, 490, 560. 4 *H. & J.*, 63. If it appears from the record that no judgment ought to have been rendered, or that there was nothing to give the court jurisdiction, the act of 1825, ch. 117, does not apply. 4 *G. & J.*, 416. 5 *G. & J.*, 110. 9 *Gill*, 248. 1 *Gill*, 249.

No counsel appeared for the appellees.

Le Grand, C. J. delivered the opinion of this court.

This is an appeal from a judgment of St. Mary's county court, rendered by *confession* on the 5th day of August 1851, in a case docketted by consent on that day. The cause of action filed with the written consent to docket the case, and the confession of judgment, was the bill obligatory of the appellant. The record does not show it was stamped as required by the act of Assembly. Because of this omission, and the want of a declaration in the cause, the appellant asks a reversal of the judgment, and were it not for the provisions of the act of 1825, ch. 117, he would be entitled to it.

That act, however, prohibits the appellant from urging or insisting "upon *any point* or *question* which shall not appear by the record to have been raised or made in the county court, and upon which that court may have rendered judgment;" and also provides, that "the Court of Appeals shall not reverse or affirm any such judgment on *any* point or question which shall not appear to have been presented to the county court, and upon which that court may have rendered judgment."

Although the Court of Appeals have decided, in the case of *Charlotte Hall School vs. Greenwell*, 4 *Gill and Johns.*, 407, that the act does not apply to motions in arrest of judgment, because on such motion the whole record is brought before the court, yet the motion must be made before this court can go behind the judgment. *Sasscer vs. Walker's Exc'rs*, 5 *Gill and Johns.*, 110.

In the case of *Cushwa vs. Cushwa*, 9 *Gill*, 246, there was a *prayer* which distinctly presented the question on which the Court of Appeals reversed the judgment.

The record in this case presenting no point or question on which the court below decided, we must affirm the judgment.

*Judgment affirmed.*