Ecker *vs.* First National Bank.

*Judgment reversed, and*
*new trial awarded.*

(Decided 14th November, 1884.)

---

SOLOMON S. ECKER, Executor of JONAS ECKER *vs.* THE FIRST NATIONAL BANK OF NEW WINDSOR.

*Assignment of Error—When Court of Appeals cannot consider Error assigned—Irregularity in entering Judgment as of a day that was Sunday—Practice—Appeal.*

Where, on an appeal as upon writ of error, it appears that the error assigned was, that the judgment was entered as of a day which was Sunday, when the Court was not, and could not legally have been, in session, and that such point was not made to and decided by the Court below, this Court is inhibited from considering and deciding it.

Where in entering a judgment, the same by a mere slip is entered as of a day that was Sunday, a motion may be made to strike out the judgment and to have the same entered as of another day; and upon refusal to strike out the judgment and make proper entry thereof, an appeal can be taken to this Court.

APPEAL as upon Writ of Error, from the Circuit Court for Carroll County.

On a former trial of this case a judgment was rendered for the plaintiff, the present appellee. On an appeal by the defendant, the present appellant, the judgment was reversed and a new trial awarded. (*Vide,* 59 *Md.,* 291.) A new trial was had, and by agreement it was submitted to the Court, without the intervention of a jury. It was also agreed that all errors of pleading should be waived, and that any and all testimony might be given that would be admissible under any state of pleading, except under the plea of the Statute of Limitations. The Court (MILLER, C. J., and JONES, J.,) after full consideration, passed the following order: " The clerk will enter finding and judgment in favor of the plaintiff in the above case, as of the 23d of December, 1883, for the sum of $2,778.85, and costs." Judgment was entered accordingly. The defendant thereupon filed his petition, assigning numerous errors in the aforesaid finding and judgment, which need not be set out, and praying that the record of proceedings in the case be transmitted to the Court of Appeals for review as upon writ of error. The Court directed the same to be done. Subsequently the Court filed a certificate wherein it was stated that in their order to enter the aforesaid finding and judgment, the word "December" was by inadvertence and mistake written instead of November; and the certificate was directed to be filed, that it might serve as a correction of said order, if on the hearing of the writ of error, the Court of Appeals should be of opinion that such correction could be made after the lapse of the term at which the case was tried, and the original erroneous order was passed.

The cause was argued before ALVEY, C. J., YELLOTT, MILLER, IRVING, RITCHIE, and BRYAN, J.

*Charles B. Roberts, Attorney-General,* for the appellant.

*William P. Maulsby,* for the appellee.

ALVEY, C. J., delivered the opinion of the Court.

This case is brought into this Court upon assignment of error in the proceedings of the Court below, under Rule 1, respecting appeals. At the common law, the writ of error lies where a party is aggrieved by any error in the foundation, proceeding, judgment or execution of a suit, in a Court of record (*Co. Litt.,* 288, *b*); but it only reaches errors or defects in substance, that are not aided, amendable, or cured at common law, or by some of the statutes of amendments or jeofails. 2 *Tidd's Pra.,* 1136.

In the case of *Speak vs. Sheppard,* 6 *H. & J.,* 81, it was held, that upon writ of error, the Appellate Court was bound to examine the entire record, and to reverse the judgment, as was done in that case, if there was error found to exist in any part of the proceedings, although the Court below were right, in the rulings, or opinions given by them, upon all the points or questions upon which they were asked to decide. In such state of the law, and the practice under it, it is not difficult to perceive how liable a defendant in error was to be taken by surprise, and how difficult it was to maintain in the Appellate Court the judgments of the Courts below. The whole proceedings being subject to scrutiny in the Appellate Court, the best considered judgments were constantly liable to be reversed, for some error or defect in the proceedings, in no manner affecting the merits of the cause, and to which the attention of the Court below had, perhaps, never been called. It has been generally understood that it was the decision of the case of *Speak vs. Sheppard,*

*supra*, that gave rise to the passage of the Act of 1825, ch. 117, to remedy this defect in the law. That decision, though made in 1823, was not published until 1825, just before the meeting of the Legislature of the December Session of that year. The Act of the December Session, 1825, provided, " that the Court of Appeals *shall not reverse any judgment, on any point or question, which shall not appear to have been presented to the County Court, and upon which that Court may have rendered judgment."* As will be observed, the statute required that it *should affirmatively appear* to the Appellate Court, that the point or question upon which the judgment below was sought to be reversed, had been distinctly and directly presented to the trial Court, and upon which that Court had decided. And such was the plain construction as held by the Court of Appeals, in *Sasscer vs. Walker*, 5 *G. & J.*, 103, and *Graham vs. Harris*, *et al.*, *id.*, 489, 496, and in many subsequent cases. This provision of the Act of 1825 has been incorporated in the Code, Art. 5, sec. 12, in terms somewhat different from those employed in the original Act, but with no substantial change of sense or meaning. The section of the Code declares that " The Court of Appeals shall in no case decide any point or question which does *not appear by the record to have been raised or made in and decided* by the Court below." And in the fourth Rule respecting appeals, made by the Judges of this Court, in pursuance of the provision of the Constitution, the substance of the section of the Code, just referred to, is embraced in these terms: " In no case shall the Court of Appeals decide any point or question which *does not plainly appear by the record to have been tried and decided* by the Court below." It was in view of this statutory restriction, and to produce conformity thereto, that it was provided in the first Rule respecting appeals, that the party applying to have the record removed as upon writ of error, should " plainly designate the points or questions

of law *by the decision of which he feels aggrieved ;* and no point or question not thus plainly designated in such application shall be heard or determined by the Court of Appeals."

In this case, what is alleged to be error, under the rule, is of a purely technical nature, and relates simply to the time and manner of the entry of the judgment, and not to the pleading, nor to the finding of the Court, upon which the judgment is based. The various assignments of error are reducible to a single point, and that is, that the judgment was entered as of a day which was Sunday, when the Court was not, and could not legally have been, in session. But it does not appear that this point or question, thus assigned for error, was ever presented to the Court below and passed upon by it, either at the time of the entry of the judgment or afterwards; and, as we gather from the record, no such point or question was in point of fact presented for decision. And as such point or question was not made to and decided by the Court below, this Court is, as we have seen, inhibited from con- sidering and deciding it. *Boarman vs. Israel & Patter- son,* 1 *Gill,* 372, 380 ; *Schleigh & Kershner vs. Hagerstown Bank,* 4 *Gill,* 306, 312 ; *Morgan vs. Briscoe & Clark,* 4 *Md.,* 271. This is quite unlike the case of the entry of a judgment that the Court had no power or jurisdiction to enter. The error assigned is a mere slip or irregularity in entering a proper judgment.

In the case of *Bridendolph vs. Zeller,* 5 *Md.,* 58, where a writ of error had been sued out for the correction of sup- posed errors in the proceedings, it was held, that this Court could not, upon writ of error, since the Act of 1825, ch. 117, reverse any judgment on any point or question which was not directly presented to, and decided by, the Court below ; but that the defendant in the judgment should have proceeded by motion to strike out the judg- ment, under the Act of 1787, ch. 9, sec. 6, now embraced

in section 38 of Art. 75 of the Code. And so in this case, for the irregularity of entering the judgment as of a day that was Sunday, a motion could have been made to strike out the judgment, and to have the same entered as of another day; and upon refusal to strike out the judgment and to make proper entry thereof, an appeal could have been taken to this Court. The judgment was not in point of fact entered on a Sunday, but it was entered as of the 23d of December, 1883, by an order of Court dated January 21st, 1884; and the 23d of December, 1883, happened to be on a Sunday; manifestly a mere slip, or mistaking of the day. The alleged error, therefore, is simply in regard to the date given to the judgment, and not in regard to any matter affecting the merits of the case. Instead of entering a motion for a new trial, which appears to have been done, but afterwards withdrawn, the defendant in the judgment should have entered a motion to strike out the judgment for irregularity, so that the Court could have corrected the entry of the judgment, and made entry thereof, in conformity to their previous finding, as of a legal day.

For the reasons stated, the assignment of errors must be quashed.

*Assignment of errors quashed.*

(Decided 14th November, 1884.)